Doris G. MANGIAPANE, Appellant,

v.

Brock ADAMS, Secretary, Department of Transportation, et al.

No. 79–1797.

United States Court of Appeals, District of Columbia Circuit.

Argued May 5, 1980.

Decided Aug. 18, 1981.

As Amended Aug. 26, 1981.

June D. W. Kalijarvi, Washington, D. C., with whom Mark Andrews, Washington, D. C., was on the brief, for appellant. Ellen R. Delate, Washington, D. C., also entered an appearance for appellant.

Richard Sauber, Atty. Dept. of Justice, Washington, D. C., for appellee.

Before ROBINSON, Chief Judge, McGOWAN, Circuit Judge, and OBERDORFER,* District Judge.

Opinion PER CURIAM.

PER CURIAM:

■ Appellant, Doris G. Mangiapane, sued her employer, the Federal Aviation Administration (FAA), contending that she was denied a promotion in violation of Title VII of the Civil Rights Act of 1964.[1] The

---

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a) (1976).

1. 42 U.S.C. §§ 2000e to 2000e–17 (1976). Suits by federal employees are governed by 42 U.S.C.

District Court dismissed the suit for alleged failure to properly pursue remedies available within the employing agency.[2] An employee refused promotion adequately exhausts, we have held, when facts stated at the administrative level are sufficient to put the agency on notice that promotion is an issue.[3] We find that appellant did at least that much, and accordingly we reverse.

## I

In a complaint filed with FAA, appellant charged that because of her gender her superiors had given her ratings that "[did] not reflect the true high value of [her] performance" and had denied her "promotional opportunities."[4] At no time during the nearly two and one half years that appellant's complaint remained pending,[5] however, did she volunteer evidence of any unsuccessful application for a higher position.[6] FAA eventually conducted an extensive investigation of the complaint, during which it interviewed several female employees to solicit their views on whether promotions were made in a discriminatory manner.[7] But no evidence was ever taken—nor, apparently, was any requested—on whether appellant had been refused promotion to any particular position to which she had aspired.

Immediately prior to an administrative hearing, appellant's counsel for the first time suggested that her client had sought but had been denied promotion to numerous higher-grade positions.[8] Counsel did not specify either the dates or the positions referred to. The hearing examiner, feeling that any problem of promotion was subsumed by the question whether appellant's performance ratings were discriminatorily motivated, decided to take evidence only on the latter point.[9] Consonantly, and notwithstanding counsel's timely objection on the record,[10] the examiner's written opinion contained no finding concerning promotion. Explaining his approach, the examiner said:

> Complainant's representative expressed the opinion that the complaint included a separate allegation that the complainant had not been promoted to a GS–12 level either by career or lateral promotion or by successful bid on numerous GS–12 positions. It appeared to the examiner that complainant had consistently raised the issue of "promotional opportunities" in arguing a theory that a low [performance evaluation] prevented her promotion to a GS–12 level.... Certainly, the agency did not accept or investigate a promotion issue since it did not collect all of the

§ 2000e–16(c) (1976). During the course of the litigation, appellant retired from her job at FAA.

2. *Mangiapane v. Coleman*, Civ. No. 75–1239 (D.D.C. Nov. 3, 1978) (memorandum and order), Joint Appendix (J.App.) 137. Before a federal employee may assert a Title VII grievance in court, it must first be presented to the agency involved. *Brown v. GSA*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967–1968, 48 L.Ed.2d 402, 411 (1976); *President v. Vance*, 200 U.S.App. D.C. 300, 307, 627 F.2d 353, 360 (1980); *Bethel v. Jefferson*, 191 U.S.App.D.C. 108, 120, 589 F.2d 631, 643 (1978).

3. *President v. Vance, supra* note 2, 200 U.S. App.D.C. at 307–308, 627 F.2d at 360–361.

4. Memorandum, Doris G. Mangiapane to Director, Office of Civil Rights, FAA, Aug. 31, 1972, J.App. 10 [hereinafter cited as Administrative Complaint].

5. See generally Findings and Recommended Decision in the Discrimination Complaint of Doris G. Mangiapane, Apr. 10, 1975, at 1–3,

J.App. 97–99 [hereinafter cited as Agency Findings].

6. The record indicates that bias in promotion and bias in performance evaluations were distinct claims. See, *e. g.*, Administrative Complaint, *supra* note 4, J.App. 10 (listing two counts separately); Letter, William F. Berzak, Chairman, Board of Appeals and Review, Civil Service Commission, to James Frazier, Director, Office of Civil Rights, Department of Transportation, June 13, 1973, at 2 J.App. 15; Memorandum by Leon C. Watkins, Director of Civil Rights, FAA, Apr. 24, 1974, J.App. 34.

7. See Report of Investigation (undated), J.App. 17–28.

8. Agency Findings, *supra* note 5, at 3, J.App. 99.

9. *Id.*; see Transcript of Complaint Hearing (Tr.) at 3–4, J.App. 37–38.

10. Tr. 7–8, J.App. 41–42.

documentary evidence with respect to the numerous GS–12 positions on which complainant has bid. Consequently ... [only] if discrimination were found in the action of marking the respective [performance evaluations] then it could be found that complainant was denied "promotional opportunities." [11]

Following the examiner's adverse decision, appellant instituted this litigation.

## II

It is in this procedural setting that FAA makes the remarkable claim that appellant did not exhaust her administrative remedies for nonpromotion because, during the course of the investigation, she did not identify any particular position for which she had unsuccessfully applied,[12] and because she did not introduce any evidence to that effect.[13] The District Court accepted this argument, and dismissed the prayer for promotional relief.[14] We cannot concur.

The flaw in FAA's reasoning is that it assumes that Title VII places the burden on the aggrieved employee to develop the record at the administrative level. We recently made it indisputably clear that agencies charged under Title VII with discrimination should play the major role in this regard.[15] The only exhaustion requirement expressly made by Title VII is the employee's duty to "first complain to his employing agency," [16] and this much appellant certainly has done. FAA's further argument—that appellant did not introduce evidence on the promotional point—is similarly misguided. It is a demand that a complaining party in appellant's situation find ways to circumvent evidentiary restrictions imposed by the hearing examiner,[17] or be forever barred from asserting in federal court the very claim that the examiner refused to consider. The logical extension of that proposition would empower examiners to foreclose judicial review by declining to take any evidence at all.

FAA also makes a final, related claim. It insists that because appellant's administrative complaint did not expressly aver any effort to obtain promotion to specific job openings, she is precluded from any recovery in court on a theory of promotional bias.[18] That argument, like the others, is unpersuasive. When recently faced with a nearly identical situation, we explained:

[The employee's] complaint alleged that the [employer] pursued a policy of not promoting minority officers ... above the GS–12 level, and that he himself had been victimized by his performance evaluation report. It strains credulity to suggest that these straightforward charges were not sufficient to alert an experienced and conscientious equal employment opportunity officer to a claim that

---

11. Agency Findings, *supra* note 5, at 3, J.App. 99.

12. Brief for Appellee at 16–18.

13. *Id.* at 18.

14. *Mangiapane v. Coleman, supra* note 2. The claim of discriminatory performance evaluations is not before us. The District Court denied FAA's initial motion to dismiss that claim on exhaustion grounds, *id.* at 1–6, J.App. 137–142, but after appellant retired from FAA the court concluded that it could no longer afford meaningful relief, and granted the agency's subsequent motion to dismiss the performance-evaluation count as moot. *Mangiapane v. Adams,* Civ. No. 75–1239 (D.D.C. June 12, 1979) (memorandum and order), J.App. 145. Appellant also challenges that disposition, but she did not oppose it in the District Court, *id.* at 2, J.App. 146, and we therefore affirm on that

point. Since, however, evidence of discriminatory performance evaluations may be relevant to proof of discriminatory denial of promotions, on remand it may, despite the mootness ruling, become admissible as an indication of motivation behind the asserted denials of promotion.

15. *President v. Vance, supra* note 2, 200 U.S. App.D.C. at 307–310, 627 F.2d at 360–363; see *Hackley v. Roudebush,* 171 U.S.App.D.C. 376, 520 F.2d 108 (1975) (discussing agency's control over building of the administrative record).

16. *Bethel v. Jefferson, supra* note 2, 191 U.S. App.D.C. at 120, 589 F.2d at 643.

17. See text *supra* at notes 9–11.

18. Brief for Appellee at 15.

[the employee] had been discriminated against in his promotional opportunities.[19] The instant case is not substantively different.

It is far too late in the day for a federal employer to insist that administrative complaints of Title VII discrimination be phrased with micrometric exactitude.[20] The order dismissing appellant's request for promotional relief is reversed and the case remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

19. *President v. Vance, supra* note 2, 200 U.S. App.D.C. at 308, 627 F.2d at 361 (citations omitted).

20. Numerous courts have rejected, in the public and private sectors alike, attempts by employers to use procedural technicalities to limit enforcement of Title VII. See, *e. g., Love v. Pullman Co.,* 404 U.S. 522, 526–527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679, 684–685 (1972); *President v. Vance, supra* note 2, 200 U.S.App.D.C. at 309 & n.65, 627 F.2d at 362 & n.65; *Bell v. Brown,* 181 U.S.App.D.C. 226, 230–231, 557 F.2d 849, 853–854 (1977); *Coles v. Penny,* 174 U.S.App.D.C. 227, 282–283, 531 F.2d 609, 614–615 (1976); *Russell v. American Tobacco Co.,* 528 F.2d 357, 365 (4th Cir. 1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465 (4th Cir. 1970); *Waters v. Heublein, Inc.,* 547 F.2d 466, 468 (9th Cir. 1976), *cert. denied,* 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977).