Raymond MILLER, et al., Plaintiffs,

v.

William French SMITH, et al., Defendants.

Civ. A. No. 79–2405.

United States District Court, District of Columbia.

March 19, 1984.

Louis Fireison, Bethesda, Md., for plaintiffs.

Paul Blankenstein, R. Lawrence Dessem, Theodore C. Hirt, U.S. Dept. of Justice, Civil Div., Washington, D.C., for defendants.

MEMORANDUM

HAROLD H. GREENE, District Judge.

This is an action under Title VII of the Civil Rights Act in which plaintiffs, present and former employees of the United States Marshals Service, allege that defendants have discriminated against them in recruitment, hiring, assignments, training, promotions, and discipline on account of their race. The instant motion for partial summary judgment claims failure to exhaust administrative remedies by a number of plaintiffs.[1] The motion will be granted.

I

■ Section 717 of Title VII, 42 U.S.C. § 2000e–16, provides the exclusive judicial remedy for discriminatory employment practices in the federal government. *Brown v. General Services Administration*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). In order to invoke the jurisdiction of the Court under this section, an aggrieved employee must exhaust his administrative remedies. *Id.* See also *Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir.1980). The first procedural requirement is that the complainant timely seek relief in the agency that has allegedly discriminated against him. *Mangiapane v. Adams*, 661 F.2d 1388 (D.C.Cir. 1981). Defendants allege that plaintiffs Franklin Beagle, Alfred Bell, James Perry, and the National Black Deputy United States Marshals Organization have failed to file an administrative complaint with the United States Marshals Service.

■ The exhaustion requirement serves important policies. The requirement that aggrieved employees present their discrimi-

1. The motion seeks dismissal of twenty-two plaintiffs. Since defendants filed this motion, however, the Court has dismissed the claims of eleven of the twenty-two plaintiffs for failure to prosecute. See Order of September 2, 1983. Accordingly, the Court need not address defendants' motion as it applies to the following plaintiffs: Howard Spell, Patsy Spano, Tennyson Thompson, Theodore Jones, Leroy Hill, Gary Ryur, Elsworth Gibson, Jr., Mardis Mitchell, Charles E. Morris, Michael D. Sternfeld, and Albert B. Bradford.

Additionally, in their reply to plaintiffs' opposition, defendants withdrew their motion for summary judgment as to Melvin Birch. Birch alleges that he never received a copy of the September 5, 1978, final agency action and thus was unaware of the requirement that he either administratively appeal that decision or file a civil action within 30 days. Although the government records indicate that the agency's final decision was mailed to Birch, there is a factual question whether Birch received the agency's decision.

nation complaints to an agency rather than to a court in the first instance encourages informal, concilatory resolution of disputes and reduces the burden on federal courts. *Sampson v. Civiletti, supra,* 632 F.2d at 862–63. In addition, it permits the agency to develop a record and to exercise its discretion, to apply its expertise, and possibly to discover and correct its own errors. *Id.* at 863. See also, *Cooper v. Bell,* 628 F.2d 1208 (9th Cir.1980). However, because lay persons, unassisted by trained lawyers, initiate the complex process of resolving employment discrimination complaints, the administrative and procedural requirements to Title VII are not interpreted too technically or applied too mechanically. *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972); *Shehadeh v. Chesapeake & Potomac Tel. Co.,* 595 F.2d 711, 727 (D.C.Cir. 1978); *Richerson v. Jones,* 572 F.2d 89, 95–96 (3rd Cir.1978). While a charge of employment discrimination therefore need not track the formal rules of pleading, it must describe the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed. *Cooper v. Bell,* 628 F.2d 1208, 1211 (9th Cir.1980); *Shehadeh v. Chesapeake & Potomac Tel. Co.,* 595 F.2d 711, 727–28 (D.C. Cir.1978); 29 C.F.R. § 1601.11.

## II

Franklin Beagle and Alfred Bell concede that they have not filed a written complaint with the United States Marshals Service. However, they claim that in 1977 they registered discrimination complaints with Earl Tolson, the EEO Counselor for the District of Columbia Marshals' Office, and that he assured them that their complaints would be processed.[2] Relying on these alleged assurances from Tolson,[3] plaintiffs did not take any further action because they assumed that their complaints were being processed. Plaintiffs argue that by giving notice to the EEO Counselor and relying in good faith upon the agency's assurances, they fully complied with the procedural requirements of filing a complaint and exhausting their administrative remedies.

▇ Even if a court were to find for purposes of this motion that plaintiffs' general statements regarding their attempts to file EEO complaints create a genuine issue of material fact (which is doubtful—see notes 3 and 4 *supra*), the Court would still be required to dismiss their complaints. By bringing their complaints of discrimination to the attention of the EEO Counselor, plaintiffs took only the first step in the administrative process.

The regulations require aggrieved federal employees to file a timely written complaint. 29 C.F.R. § 1613.214(a)(1) provides

(1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The

**2.** Bell alleges that he filed a race discrimination complaint in the spring of 1977 with Tolson who told him that he would contact Bell when it became necessary to process his complaint. Because Tolson never contacted Bell, Bell states that he assumed that his complaint was either being processed or had been rejected. Exhibit A Bell's Affidavit, to Plaintiffs' Opposition.

Beagle states that he notified Tolson in August 1977 that he desired to file an EEO complaint, and when the Marshals Service failed to act on his complaint, he filed a subsequent formal complaint "later in 1977." Beagle was also never contacted by the Marshals Service and states that he assumed that his complaint was either being processed or had been denied. Beagle's Affidavit, Exhibit F to Plaintiffs' Opposition. The EEO Office for the Marshals Service has no record of this or any other EEO charge or informal complaint filed by either Bell or Bea-

gle. Moreover, except for this general statement in his affidavit, Beagle has failed to produce any proof, documentary or otherwise, indicating that he filed a subsequent EEO complaint.

**3.** Although Tolson concedes that both Bell and Beagle approached him in the hallway and told him that they had a complaint, neither plaintiff subsequently came to him to discuss the nature of their complaint or to submit a written informal complaint. Tolson further states that he never represented to Bell or anyone else that it was Tolson's responsibility to contact them to pursue their EEO charges. To the contrary, he maintains that it is the responsibility of the employee to contact the EEO Counselor, to file an informal complaint, and to pursue that complaint with the Counselor.

complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if—

(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of its effective date; and

(ii) The complainant or his representative submitted his written complaint to an appropriate official within 15 calendar days of the date of his final interview with the Equal Employment Opportunity Counselor.

Even if Tolson's alleged representation to plaintiffs supported an equitable tolling of Title VII's administrative exhaustion requirements, it clearly does not excuse plaintiffs from at least filing a complaint. *Siegel v. Kreps*, 654 F.2d 773, 777 (D.C.Cir. 1981). Between the time Bell and Beagle complained briefly and orally to the EEO counselor and the time this lawsuit was filed, they never pursued their complaints with the agency. In other words, for over two years Bell and Beagle did absolutely nothing—this clearly does not satisfy the exhaustion requirement of Title VII. The complaints of Beagle and Bell will be dismissed.

### III

■ The National Black Deputy United States Marshals Organization did file an administrative complaint in 1974. However, that complaint was withdrawn on February 23, 1976 as a result of an agreement of compromise filed in *Miller v. Saxbe*, C.A. No. 74-1604 (D.D.C.). The Organization now argues that it is entitled to litigate its claim in this Court because de-

fendants have not complied with the terms of the agreement and therefore the discrimination is continuous in nature. That is not an adequate basis for the present claim. Plaintiff is, of course, free to bring an action for breach of the 1976 settlement agreement, or it may file a new administrative complaint, initiating a new action. It may not, however, institute a civil action under Title VII without first exhausting its administrative remedies with regard to the new claim.[4]

### IV

■ Defendants argue that plaintiffs Joyce Jennings, Hordon Evono, and Frank Percy must be dismissed as parties to this lawsuit because each of them received final agency decisions on their EEO complaints more than 30 days prior to the filing of this action on September 29, 1979.[5] Under Section 717(c) of Title VII, claimants may file a civil action only if they do so within 30 days after receiving notice of final action by the agency or by the EEOC on appeal, or within 180 days after the filing of their administrative complaint with the agency or an appeal with the EEOC if there has been no final action. 42 U.S.C. § 2000e–16(c). This time limitation is jurisdictional. *Brown v. GSA, supra*, 425 U.S. at 833–34, 96 S.Ct. at 1968–69; *Hofer v. Campbell*, 581 F.2d 975 (D.C.Cir.1978); and *Richardson v. Wiley*, 569 F.2d 140, 142 (D.C.Cir.1977).

■ 1. To overcome this jurisdictional requirement, plaintiff Jennings alleges that she never received notice that the agency rendered a final decision on her complaint of January 28, 1977. That is plainly untrue. Jennings must have had notice: she actually appealed the final agency decision

---

4. Moreover, it is not at all clear that the Organization has standing to bring this lawsuit because it is not "an employee or applicant for employment" within the meaning of Title VII, 42 U.S.C. § 2000e–16(c). Section 2000e–16(c), provides that "an employee or applicant for employment, if aggrieved ... may file a civil action." Under this provision, an organization or union may not have standing notwithstanding such cases as

*International Woodworkers v. Chesapeake Bay Plywood*, 659 F.2d 1259 (4th Cir.1981).

5. The dates of the plaintiffs' final agency decisions are as follows: Joyce Jennings—September 29, 1978; Hordon Evono—January 10, 1973; and Frank Percy—February 8, 1977.

to the Appeals Review Board of the United States Civil Service Commission.[6]

■■■ Even if Jennings' claims were timely, the motion to dismiss would still be appropriate. In her complaint to the agency, Jennings alleged only discrimination based on sex, while in the instant action, she alleges that the Marshals Service is discriminating against her because of her race. Under Title VII, a plaintiff may not raise in Court a *basis* of discrimination which was not included in her administrative complaint. *Saad v. Burns International Security Services, Inc.*, 456 F.Supp. 33, 36 (D.D.C.1978); *Lamont v. Forman Brothers, Inc.*, 410 F.Supp. 912, 917 (D.D.C.1976), see also, *LeGare v. University of Pa. Medical School*, 488 F.Supp. 1250, 1254 (E.D.Pa.1980).

■■■ The issues plaintiff may raise in a Title VII action are limited to those within the scope of the administrative investigation which grows or could reasonably be expected to grow out of the administrative charge of discrimination. *Clark v. Chrysler Corp.*, 673 F.2d 921 (7th Cir.1982); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970); *Lamont v. Forman Bros. Inc.*, 410 F.Supp. 912, 917 (D.D.C. 1976). The rationale for this rule is obvious given the purpose of the exhaustion requirement.

A charge of discrimination is *not* filed as a preliminary to a lawsuit. On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. Once a charge has been filed, the Commission carries out its investigatory function and attempts to obtain voluntary compliance with the law. Only if the EEOC *fails* to achieve voluntary compliance will the matter ever become the subject of court action. Thus it is obvious that the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation. Within this statutory scheme, it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

*Sanchez v. Standard Brands, Inc., supra*, 431 F.2d at 466.

2. Following his discharge on July 7, 1972, Hordon Evono filed an EEO complaint with the U.S. Marshals Service on July 21, 1972.[7] On January 10, 1973, the agency issued its decision finding no merit to Evono's complaint and Evono filed a civil action under Title VII. On February 1, 1980, the United States Magistrate, who was presiding over Evono's case, ordered the U.S. Marshals Service to reinstate Evono. *Evono v. United States*, C.A. No. 74–19 (D.D.C. February 1, 1980), *aff'd*, No. 80–1366 (D.C.Cir. June 8, 1981).

■■■ Evono filed a second EEO complaint on February 13, 1978, in which he raised the same issues concerning his 1972 termination as he did in his 1972 EEO complaint. In addition, he alleged that the U.S. Marshals Service has continued to discriminate against him since 1972 by failing to rehire him as a United States Marshal. The EEOC rejected Evono's 1978 complaint because it challenged the validity of a dismissal occurring almost six years before the complaint was filed. Defendants support this rejection here, but their contentions are not well taken. Evono's allegations that the U.S. Marshals Service maintained a discriminatory system at the time he was terminated and that it continued to maintain that system until the time he filed his EEO complaint in 1978, is cognizable under Title VII as a "continuing violation."

---

6. The Commission transferred her appeal to the EEOC, and on August 10, 1982, the EEOC affirmed the agency's finding of no discrimination. See William's Supplemental Declaration, ¶ 3 and attachment 6 thereto.

7. Evono alleged that he was hired at a lower GS level than he should have been; that he was given restricted duty assignments; and that he was discharged because of discrimination and in reprisal for his having opposed the agency's discriminatory employment practices.

See *Valentino v. United Postal Service,* 674 F.2d 56, 65 (D.C.Cir.1982).

The fact is, however, that Evono was reinstated as a result of his lawsuit following his 1972 EEO complaint. Accordingly, his allegation that the U.S. Marshals Service's refusal to hire him—which is the basis of his continuous discrimination claim—is now moot. Questions as to any relief to which Evono may be entitled upon his reinstatement as a result of the allegedly discriminatory conduct of the U.S. Marshals Service between 1972 and 1978 (*e.g.,* back pay and seniority) are most properly resolved by the Magistrate in C.A. No. 74–19.[8]

■ 3. Frank Percy does not deny that he received notice of final agency action on his 1976 EEO complaint on February 8, 1977, over two years before this lawsuit was filed. Subsequent to this agency decision, Percy filed both informal and formal EEO complaints, and he argues that these complaints satisfied the time limitations of Title VII. The Court finds that by filing and then withdrawing the subsequent EEO complaints, Percy did not exhaust his administrative remedies. Percy's informal EEO complaints filed in the spring of 1978 and fall of 1979 were resolved through informal counseling.

Percy alleges, however, that he withdrew his informal complaints and never filed formal complaints because the U.S. Marshals Service represented that it would cease dis-criminating against him. Assuming these allegations to be true, as the Court must in a motion for summary judgment, the Court finds that Percy has still failed to exhaust his administrative remedies. Allegations of continuing discrimination are not a substitute for the filing of an administrative complaint.

### V

■ Defendants argue that plaintiff Anthony Sprufero must be dismissed as a party to this litigation because he alleged a different basis for discrimination in his administrative complaint than he does here.

Anthony Sprufero, a Caucasian Italian-American, alleged that he was being discriminated against because of his national origin. In the complaint filed with this Court, however, Sprufero alleges that he was discriminated against because of his association with blacks.[9] The allegations of discrimination based on national origin were not such that the U.S. Marshals Service would be apprised of or could reasonably be expected to investigate whether Sprufero was discriminated against because of his association with Blacks. See Part IV–1 *supra.* Accordingly, Sprufero has failed to exhaust his administrative remedies and the Court will dismiss his claim.[10]

### VI

■ The claim of Harry Paige must be dismissed for a number of reasons. First,

---

**8.** On February 2, 1981, Evono filed a reprisal charge pursuant to 29 C.F.R. § 1613.262(b), alleging that the U.S. Marshals Service failed to comply fully with the Magistrate's order. This charge, which also concerns only the relief that Evono is entitled upon restatement, is likewise most properly resolved by the Magistrate. In any event, the Court could not retain jurisdiction because a reprisal charge alone will not support a Title VII claim in federal courts. *Porter v. Adams,* 639 F.2d 273, 277 (5th Cir.1981).

**9.** Defendants argue that, on the contrary, plaintiffs' complaint alleges only discrimination against black deputy marshals and does not allege that white deputies have been discriminated against on the basis of their race or due to their association with blacks or the National Black Deputy U.S. Marshals Organization.

However, defendants concede that in the amended complaint, there is an allegation that members of the Organization, of whom plaintiff Sprufero is one, have been harassed for their support of that organization. Defendants' Reply at 8–9. In any event, the Court need not decide whether, based on this allegation, Sprufero is a proper party to this action.

**10.** See *Shah v. Mt. Zion Hospital & Medical Center,* 642 F.2d 268 (9th Cir.1981). Plaintiff in *Shah,* an East Indian male, filed an EEOC complaint alleging sex and national origin discrimination. At trial, he attempted to expand his Title VII action to include race, color, and religious discrimination. The trial judge dismissed plaintiff's additional claims of discrimination and the Ninth Circuit affirmed.

he never initiated the EEO process or filed a complaint in a timely manner. The Marshals Service terminated Paige on December 6, 1971, but he did not contact an EEO Counselor until August 6, 1976, and he did not file a formal EEO complaint under February 2, 1978.[11] The regulations require the complainant to bring to the attention of the EEO Counselor the matter causing him to believe he has been discriminated against "within 30 calendar days of the date of that matter, or if a personnel action, within 30 calendar days of its effective date." 29 C.F.R. § 1613.214(a)(1)(i).[12] Paige's complaints were clearly untimely.[13]

■ Second, Paige's EEO complaint was not pending on March 24, 1972, the effective date of the 1972 amendments to Title VII, which extended Title VII's prohibition of discrimination to federal employment. It is settled that the 1972 amendments do not apply retroactively to discrimination by federal agencies unless an administrative or district court proceeding was pending on the effective date. *Brown v. Turner*, 659 F.2d 1199, 1201 (D.C.Cir. 1981).

Paige claims that dismissal is inappropriate because he has alleged that

> The conspiracy still exists in the Marshals Service towards me. I have applied for many positions and was refused because of the false and unfair statements the Marshals Service sends to companies and agencies who inquire

about me. As a result, I could not find a good and decent job for many years.

That allegation of a continuing discriminatory employment practice does state a cause of action under Title VII (*Shehadeh v. Chesapeake & Potomac Tel. Co.*, 595 F.2d 711, 717–18, 725 (D.C.Cir.1978)) but it does not save the Paige claim. The fact is that this plaintiff filed that identical claim as a separate Title VII action. *Paige v. United States*, C.A. No. 80–2277 (D.D.C.). That action was dismissed with prejudice on January 23, 1981, and Paige's motion for relief from judgment was denied on May 15, 1981. Paige, who has had his day in court, may not continue to relitigate his claim with the hope that some day he will be successful.

## VII

■ William Scott filed a separate lawsuit in the United States District Court for the Southern District of New York prior to his participation in the instant action in which he made the same claims that he makes here. *Scott v. Bell*, No. 77 Civ. 3369 (Wk). The court there dismissed the action with prejudice on July 27, 1978, and this dismissal was subsequently affirmed by the Court of Appeals for the Second Circuit on March 2, 1979 (No. 78–6166).[14] This prior action bars Scott from relitigating his claims of employment discrimination in this Court.[15]

---

**11.** In its final agency decision of November 7, 1978, the EEO Office rejected Paige's complaint as untimely.

**12.** The Civil Service Commission regulations in effect at the time that Paige was terminated imposed an even shorter time limitation on bringing an action. 34 Fed.Reg. 5369 (March 19, 1969), provided that federal agencies could only accept EEO complaints for processing if they were brought to the attention of an EEO Counselor within 15 calendar days of the alleged discriminatory act.

**13.** If the Court were to excuse Paige's failure to comply with the applicable time limits, it would place an enormous burden on defendants to defend claims arising from employment decisions that are long past—the very purpose for which the time limitations are imposed. See

*Milton v. Weinberger,* 645 F.2d 1070, 1071, 1077 (D.C.Cir.1981).

**14.** Scott claims that the U.S. Marshals Service continues to harass and discriminate against plaintiffs (presumably Scott is among them), and that it is these further discriminatory acts, which were not raised in Scott's initial EEO complaint or litigated in his separate action, that are the subject of the present action. Scott has not, however, filed any documentary or sworn evidence to support the allegation that he filed a new discrimination complaint with the EEO before joining this lawsuit. See Rule 56(c), Fed.R.Civ.P.

**15.** As concerns James Perry, his claim will be dismissed because he failed to oppose the motion to dismiss.

## VIII

The scattershot approach used in this complaint, without consideration of rules of law and procedure, whether judicial or administrative, inevitably leads to the result that most of the claims must be dismissed. Moreover, in addition to the procedural defects, many of the claims suffer from lack of substantive merit (as found both by the EEOC and by the other courts which have had occasion to pass upon them). The motion for partial summary judgment will be granted.