**Elgie B. RICHARDS, Plaintiff,**

v.

**UNITED STATES MERIT SYSTEMS PROTECTION BOARD, et al., Defendants.**

**Civ. A. No. 89–1041–GHR.**

United States District Court, District of Columbia.

June 28, 1990.

Ray L. Hanna, Washington, D.C., for plaintiff.

Jeffrey T. Sprung, Asst. U.S. Atty., Washington, D.C., for defendants.

## ORDER

REVERCOMB, District Judge.

The plaintiff is a civilian employee of the Department of the Army at the United States Military Community Activity in Bremerhaven, West Germany. He is employed as Chief of the Transportation Division of Headquarters 543d Area Support Group, Transportation Division, Logistics Department. The defendants had classified the plaintiff's position as a GS–11 and denied the plaintiff's petition to have his position reclassified as a GS–12 which, according to the plaintiff, was the grade consistent with the position description and responsibilities. The plaintiff contends that the defendants' failure not to reclassi-

fy his position is racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16 (1982), and the fifth and fourteenth amendments to the Constitution.

This matter is before the Court pursuant to the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), (b)(3), and (b)(6).

### A. *Jurisdictional Basis*

■ The defendants contend that the plaintiff's amended complaint[1] should be dismissed because he erroneously cites 5 U.S.C. § 7702 as the jurisdictional basis rather than the provisions which establish his two causes of action, namely, Title VII and the fifth and fourteenth amendments to the Constitution. This Court will not dismiss the amended complaint on so formal and technical a ground where his amended complaint specifically provides that his first claim for relief is premised upon violations of 42 U.S.C. § 2000e and that his second claim for relief is premised upon violations of the fifth and fourteenth amendments to the Constitution.[2]

### B. *Title VII Claim*

■ The defendants contend that the plaintiff's Title VII claim should be dismissed because, *inter alia,* the plaintiff failed to exhaust his administrative remedies by not contacting an Equal Opportunity Employment Counselor as required by 29 C.F.R. § 1613.214(a)(1) (1989) prior to filing his lawsuit. The plaintiff contends that he was not required to contact an EEO Counselor, however, because the requirement was not in existence at the time he filed the instant complaint. The requirement in fact was in existence at all relevant times pertaining to the instant complaint. The requirement that a Title VII plaintiff contact an EEO counselor within 30 days of the alleged discriminatory event was redesignated from 5 C.F.R. § 713.214 to 19 C.F.R. § 1613.214(a)(1) on January 1, 1979, and has been in effect continuously since that date. *See, e.g., Miller v. Smith,* 584 F.Supp. 149, 152–53 (D.D.C.1984).

### C. *Constitutional Claims*

■ The plaintiff concedes that the fourteenth amendment, by its terms, applies only to conduct by states and accordingly provides no basis upon which plaintiff may seek relief against the defendants. *See, e.g., Rutherford v. United States,* 702 F.2d 580 (5th Cir.1983). As to the plaintiff's fifth amendment claim, he raises the same discriminatory conduct as the basis for his Title VII claim and it is therefore

---

1. On February 12, 1990 this Court granted the defendants' motion for a short and plain statement and ordered the plaintiff to file an amended complaint. As this Court stated in that Order:

    Plaintiff has brought this action pursuant to several statutory and constitutional provisions and executive order and appears to claim a denial of equal employment opportunity, caused by improper position classification, by three or four federal agencies and the Secretary of the Army.

    \* \* \* \* \* \*

    Plaintiff, who was unrepresented when he initiated this action, has set out his claims for relief in a detailed complaint which is 26 pages long and contains 54 numbered paragraphs, 28 subparagraphs, and 13 additional paragraphs in the prayer for relief. By letter dated October 24, 1989, Plaintiff informed counsel for Defendants that he had retained counsel, as anticipated in the complaint.

    Plaintiff in fact retained counsel and filed his amended complaint through counsel pursuant to the Court's Order on March 29, 1990.

2. Indeed, even if it was unclear whether the plaintiff was relying upon 42 U.S.C. § 2000e–16 and the Constitution to invoke this Court's jurisdiction, the remedy would not be dismissal but, as the plaintiff notes, leave to again amend the complaint pursuant to FED.R.CIV.P. 15 to formally assert the jurisdictional bases for these two causes of action which are expressly laid out in the complaint.

    In the plaintiff's opposition to defendants' motion to dismiss he contends that his complaint is challenging the defendants' decision as arbitrary and capricious. However, his complaint expressly defines his two causes of action as one under Title VII and one under the Constitution. Accordingly, the plaintiff is contending that the defendants' actions are arbitrary and capricious *precisely because* they are racially discriminatory. Of course, the proper cause of action in such a case, as apparently understood by the plaintiff by the styling of his complaint, is pursuant to Title VII which was enacted as the comprehensive remedial scheme for discrimination.

barred. As the court provided in *Bartel v. FAA*, 617 F.Supp. 190 (D.D.C.1985):

> Both the Supreme Court and the Court of Appeals for this Circuit have held that Title VII provides the exclusive remedy for claims of discrimination in federal employment, and that a plaintiff may not circumvent the carefully crafted Title VII remedial scheme by challenging alleged constitutional violations through conduct which is also proscribed under the statute.

*Id.* at 193–94. *See also Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976); *Kizas v. Webster*, 707 F.2d 524, 542 (D.C.Cir.1983); *Davis v. Califano*, 613 F.2d 957, 958 n. 1 (D.C.Cir.1979).

Accordingly, it hereby is

ORDERED that the plaintiff's amended complaint be, and the same hereby is, DISMISSED.