Deborah M. **STEHLE,** Plaintiff,

v.

**GENERAL MILLS RESTAURANT, INC.** d/b/a **Red Lobster,** Defendant.

Civ. A. No. 8:94–1805–3AK.

United States District Court,
D. South Carolina,
Anderson Division.

Oct. 11, 1994.

Karl L. Kenyon, Law Office, Anderson, SC, for plaintiff.

Thomas Allen Bright, Greenville, SC, Thomas L. Henderson, and Mark K. Braswell, McKnight, Hudson, Lewis & Henderson, Memphis, TN, for defendant.

### *ORDER*

GEORGE ROSS ANDERSON, Jr., District Judge.

This matter is before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02(b)(2)(D) for the District of South Carolina.

■ The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 554–55, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The defendant has filed objections to the Report and Recommendation of the magistrate.

Deborah Stehle filed charges with the EEOC alleging racial discrimination. After obtaining a right to sue letter, she filed suit, alleging, among other things, racial discrimination and sexual harassment, both allegedly in violation of Title VII, and outrage. Following Defendant's motions for Partial Summary Judgment/Dismissal, Plaintiff submitted an affidavit to the court, indicating that the racial discrimination and the sexual harassment claims arose from the same set of facts. The magistrate's report recommended dismissing Plaintiff's claim for outrage. The defendant objects to the Magistrate's recommendation that the sexual harassment claim survive motions for dismissal and summary judgment.

Defendant presents a variety of objections regarding the sexual harassment claim, citing both Fourth Circuit opinions and persuasive authority. For the reasons set forth below, this Court disagrees with the magistrate's Report and grants partial summary judgment on the issue of sexual harassment.

Defendant first attacks the sufficiency of Plaintiff's evidence of there being a genuine issue of material fact in dispute. The nonmovant must present enough evidence that a reasonable jury could find in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmovant's burden may be met by filing an affidavit, Fed.R.Civ.P. 56(c), which Plaintiff submitted. Defendant devotes great energy to qualifying this affidavit: that it must have been filed prior, or be verified, or have been investigated by the EEOC. However, Defendant cites no binding precedent to this court to back up these claims. Verbal conduct of a sexual nature constitutes sexual harassment when such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. 29 C.F.R. § 1604.11. Plaintiff presented evidence that her supervisor discussed the supervisor's sexual relations at work, showed favoritism based on workers' sexual activity, and that

Plaintiff was sufficiently upset to complain about this. Were the only question in this case an issue of whether a reasonable jury could find in Plaintiff's favor on the claim of sexual harassment, this Court would deny partial summary judgment.

There is, however, a threshold issue which Defendant raises and on which this Court bases its decision: the scope of the charge and Plaintiff's right to sue on sexual harassment at all.

■■■ An employee may not just file suit under Title VII. He or she must first file a charge with the EEOC. *King v. Seaboard Coast Line R.R.*, 538 F.2d 581 (4th Cir.1976). Civil suit is not bound by this charge alone: the scope of the suit is determined by the charge and the discrimination " 'developed in the course of a reasonable investigation of that charge.' " *King*, 538 F.2d at 583, *quoting Equal Emp. Opp. Com'n v. General Electric*, 532 F.2d 359, 365 (4th Cir.1976).

■■■ The reasoning for this is well set-out in *General Electric*. "The charge merely provides the EEOC with 'a jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices....' " *General Electric*, 532 F.2d at 364, *quoting Equal Emp. Opp. Com'n v. E.I. DuPont de Nemours and Co.*, 373 F.Supp. 1321, 1335 (D.Del.1974). The EEOC is free to make a determination of discrimination based on anything it discovers in its investigation. Thus, in *General Electric*, the employees charged racial discrimination, and the EEOC added, after its investigation, "reasonable cause" to find sexual discrimination as well. In *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970), cited by *General Electric*, the employee charged sexual discrimination (later amending the charge to include a claim based on national origin). The EEOC found, after investigation, cause to find discrimination based on national origin but not on sex. The court allowed suit based on national origin.

The confusion in this case revolves around the cases' wording and explanation of this expanded scope. Courts discuss the scope as being discrimination "found" and discrimination which "would have been found." Courts

state the rule as discrimination which "would have been found," but cite as authority cases which determined the scope as discrimination which was "found" in the investigation. Courts use both phrases in the same opinions. Indeed, the magistrate based his Report on an explanation of the rule as provided in a District of Columbia case, which quoted *Sanchez* in defining the scope as "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Miller v. Smith,* 584 F.Supp. 149 (D.D.C.1984), *quoting Sanchez,* 431 F.2d at 466. There is, of course, a fundamental difference between what the EEOC found and what the EEOC could have found, as determined by a court. One is a procedural fact and one is speculation.

None of the cases examined by this Court, including *Sanchez* or *Miller,* dealt with a situation in which the EEOC did not find an additional type of discrimination, but the court allowed suit on it regardless, due to the fact that the EEOC *could* have made such a finding.

Nor is such the rule in the Fourth Circuit. A thorough reading of *General Electric* reveals that the Fourth Circuit rule is that an expansion of the scope of the charge depends on a finding of "reasonable cause" by the EEOC. A secondary consideration, not made clear as such in the opinions, is whether the EEOC's finding was based on a "reasonable investigation," or, as this Court sees it, whether the EEOC *"could have found"* the discrimination it found, based on an investigation of the original charge. As the Fourth Circuit wrote:

> So long as the new discrimination arises out of the reasonable investigation of the charge filed, it can be the subject of a "reasonable cause" determination, to be followed by an offer by the Commission of conciliation, and, if conciliation fails, by a civil suit, without the filing of a new charge on such claim of discrimination. In other words, the original charge is sufficient to support action by the EEOC as well as a civil suit under the Act for any discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge, provided such dis-

crimination was included in the reasonable cause determination of the EEOC and was followed by compliance with the conciliation procedures fixed in the Act.

*General Electric,* 532 F.2d at 366 (emphasis omitted) (citations omitted).

■ It is therefore clear to this Court that civil suit under Title VII is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the original charge.

■ Plaintiff in this case charged racial discrimination in her administrative complaint. She filed suit, alleging an additional claim of sexual harassment. Defendant moves for partial summary judgment, based on an allegation that sexual harassment is outside the scope of the charge. The burden thus shifts to Plaintiff to show that a genuine issue of material fact exists as to whether the scope of the charge was expanded by an EEOC finding of "reasonable cause." Although Plaintiff's affidavit indicates that an investigation *could have* led to a finding of sexual harassment, Plaintiff has presented no evidence that an EEOC investigation *actually found* "reasonable cause" to find sexual harassment. Plaintiff has stated in an unverified memorandum that an investigation found sexual harassment, but no proof of this has been submitted. This Court thus finds no genuine issue of material fact as to whether Plaintiff may sue for sexual harassment and also finds that Plaintiff has not stated a claim for which relief can be granted, and grants Defendant's motion for dismissal/partial summary judgment on this issue.

■ The magistrate also recommended dismissal of the outrage claim. Plaintiff has not filed objections to this recommendation. In the absence of objections to the Report and Recommendation of the magistrate, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis,* 718 F.2d 198 (4th. Cir.1983), *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Accordingly, the Report and Recommendation of the magistrate is adopted and affirmed as amended. Defendant's motions for

dismissal/summary judgment are granted as to Plaintiff's claims of outrage and sexual harassment.

IT IS SO ORDERED.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.