**Gunvant D. SHAH, Appellant,**

v.

**MT. ZION HOSPITAL AND MEDICAL CENTER, a non-profit corporation, Appellee.**

No. 79–4271.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1981.

Decided Feb. 11, 1981.

As Amended March 30, 1981.

Curtis G. Oler, San Francisco, Cal., on briefs, for appellant.

Michael J. Loeb, Crosby, Heafey, Roach & May, Oakland, Cal., on briefs, for appellee.

Before SKOPIL and BOOCHEVER, Circuit Judges, and TAYLOR *, Senior District Judge.

BOOCHEVER, Circuit Judge.

Gunvant Shah sued Mt. Zion Hospital and Medical Center (Mt. Zion), claiming that the conditions of his employment and his termination after a short period of employment

---

* The Honorable Fred M. Taylor, Senior United States District Judge, Idaho, sitting by designation.

were discriminatory. Prior to trial, the district court granted partial summary judgment for Mt. Zion on Shah's 42 U.S.C. § 1981 claim, and dismissed his requests for a jury trial, emotional distress damages, and punitive damages. At trial, the court dismissed his Title VII (42 U.S.C. § 2000e *et seq.*) claims. Shah appeals from the pretrial orders and trial dismissal. We affirm.

FACTUAL BACKGROUND

Mt. Zion hired Shah, an East Indian male, as a payroll clerk. The hospital hired him subject to a written ninety-day probationary period. Shah alleges that his co-workers, both female Filipinos, treated him in a discriminatory fashion by failing to train him adequately, and by speaking to him in Tagalog, their native language. Shah does not understand Tagalog. Shah further claims that this conduct was facilitated by his immediate supervisor, a male Filipino, who not only failed to remedy the situation but actually encouraged it.

Mt. Zion terminated Shah pursuant to the probationary agreement, because of his inability to get along with employees in several departments of the hospital. Shah contends that the termination was discriminatory, and also in retaliation for his complaints regarding discrimination. After the Equal Employment Opportunity Commission (EEOC) found no reasonable cause to believe that Mt. Zion discriminated against Shah, he filed suit in the district court requesting declaratory relief, injunctive relief, and damages. Shah contends that Mt. Zion discriminated against him because of his race, color, national origin, religion and sex.[1]

Prior to trial, Mt. Zion moved to dismiss Shah's race, color, and religious discrimination claims under Title VII because they were not raised in his EEOC claim. Mt. Zion also moved to dismiss the request for a jury trial, emotional distress and punitive damages as unavailable under Title VII. Finally, Mt. Zion moved to dismiss the section 1981 claim because Shah was alleging national origin discrimination in that claim and not racial discrimination. The court granted all of these motions in its order of October 21, 1977. After Shah amended his section 1981 complaint to allege that he was of the Black race, Mt. Zion requested partial summary judgment on the section 1981 claim, and moved to strike the other repetitive claims. In its order of December 14, 1977, the court granted partial summary judgment against Shah on his section 1981 claim and granted Mt. Zion's motions to strike the requests for a jury trial, punitive and emotional distress damages.

Because of the pretrial orders, when Shah's case finally came to trial in February 1979, the only theories he could proceed under were sex and national origin discrimination under Title VII. After Shah and two hospital employees testified, Mt. Zion moved for dismissal under Federal Rule of Civil Procedure 41(b). The court granted the motion, finding that Shah had not established a prima facie case of discrimination.

 On appeal, Shah challenges all of the district court rulings, raising a number of issues. We find no merit to Shah's arguments.[2]

---

1. Shah apparently bases the sex discrimination claim on his allegation that his male supervisor preferred female employees. Shah has not described his religious affiliation, or the basis for his claim of religious discrimination.

2. Mt. Zion has requested an award of appellate attorney fees as the "prevailing party," pursuant to 42 U.S.C. § 2000e-5(k). We agree with Mt. Zion that Shah's appeal borders on the frivolous, and we also recognize that a prevailing defendant can recover attorney fees for a Title VII defense. *Christianburg Garment Co.*

*v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). This court has recognized, however, that the policy behind awarding attorney fees in a Title VII case is much weaker when the prevailing party is the defendant. *Silver v. KCA, Inc.*, 586 F.2d 138, 143 (9th Cir. 1978). We do not believe that the policy behind Title VII will be furthered by granting appellate attorney fees to Mt. Zion in this case, since Shah's appeal is not entirely "frivolous, unreasonable, or without foundation," *Christianburg, id.*, and we deny Mt. Zion's request.

## I. DISMISSAL UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal after the plaintiff has presented his evidence. In evaluating a 41(b) motion the court acts as a trier of fact, and a dismissal acts as an adjudication on the merits. *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 676 (9th Cir. 1975). Factual findings of the trial court in a Title VII case will not be overturned on review unless clearly erroneous. *Golden v. Local 55 of the International Association of Firefighters*, 633 F.2d 817, 820 (9th Cir., 1980). The evidence introduced at trial fully supports the trial court determination that Shah did not make a prima facie case of discriminatory training or retaliatory discharge.

■ To establish a prima facie case of discriminatory training, Shah was required to show that he was treated differently from other employees, and that Mt. Zion was aware of the discrimination and failed to remedy it.[3] The only evidence Shah points to as showing disparate treatment is the testimony of his successor, Woolsey. Her testimony, however, was introduced by Mt. Zion to show equivalent treatment. The substance of her testimony is that her co-workers provided training. Shah himself testified that he received the personnel manual, received assistance from his co-workers, and received written instructions in English. The trial court's determination that Shah did not establish disparate treatment is not clearly erroneous. Furthermore, Shah did not demonstrate that Mt. Zion knew of and failed to remedy any training deficiencies.

■ Shah's claim of retaliatory discharge was not established either. *See* 42 U.S.C. § 2000e–3(a). Because Shah's complaints regarding alleged discriminatory treatment did not occur until after he was discharged, there was no "causal link" between his protests and the adverse employer action. *Gunther v. County of Washington*, 623 F.2d 1303, 1314 (9th Cir. 1979), *cert. granted,* —— U.S. ——, 101 S.Ct. 352, 66 L.Ed.2d 213 (1980). Furthermore, it is doubtful whether the conduct Shah complained about, notably the "harassment" by co-workers, was violative of Title VII as required for a showing of retaliatory discharge. *Silver v. KCA, Inc.*, 586 F.2d 138, 141–42 (9th Cir. 1978).

■ In its pretrial statement of the issues, the court limited trial to Shah's claims of discriminatory training and retaliatory discharge. Shah did not object to this limitation, and the district court's findings of fact and conclusions of law only addressed the training and retaliation claims discussed above. On appeal, Shah has for the first time attempted to litigate his additional claims of harassment and discriminatory termination. Because these issues were not raised at trial, Shah is precluded from raising them on appeal. *Inland Cities Express v. Diamond National Corporation*, 524 F.2d 753, 755 (9th Cir. 1975).

## II. PRETRIAL DISMISSAL OF TITLE VII RACE, COLOR, AND RELIGION CLAIMS

■ Prior to instituting suit, Shah filed an EEOC complaint alleging sex and national origin discrimination. At trial Shah attempted to expand his Title VII action to include race, color and religious discrimination. The district court lacked subject matter jurisdiction over these additional claims because Shah failed to raise them before the EEOC. *See Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 589 F.2d 974, 976 (9th Cir. 1978); Fed.R.Civ.P. 12(b)(1). We have held that a federal court has jurisdiction over claims "reasonably related to the allegations of the EEOC charge." *Oubi-*

---

**3.** Title VII prohibits an employer from refusing to hire, discharging, or otherwise discriminating against any individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). Discrimination in training programs is specifically prohibited. 42 U.S.C. § 2000e–2(d). The Supreme Court discussed the ordinary elements of a Title VII prima facie case in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), but noted that the elements will vary from case to case. *Id.* at 802 n. 13, 93 S.Ct. at 1824 n. 13. In the instant case, the trial court specifically instructed Shah on his burden to show both disparate treatment, and Mt. Zion's knowledge of any discrimination.

*chon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973). But, in *Oubichon*, the court found a chain of discriminatory acts all arising under the common theory of race discrimination. By contrast, Shah relies on the same employer actions to demonstrate discrimination under three theories never investigated by the EEOC. Therefore the court below properly dismissed these claims. *EEOC v. Bailey Co.*, 563 F.2d 439, 447 (6th Cir. 1977), *cert. denied*, 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978); *Saad v. Burns International Security Services, Inc.*, 456 F.Supp. 33, 36 (D.D.C.1978).

## III. PARTIAL SUMMARY JUDGMENT ON SHAH'S § 1981 CLAIM

■ The trial judge granted partial summary judgment against Shah on his section 1981 claim because, apparently based on personal observation, he agreed with the EEOC's listing of Shah as Caucasian. Section 1981 only prohibits racial discrimination.[4] Shah contends that by amending his complaint to describe himself as a "Black East Indian male of African descent," he raised a material issue of fact as to his race, precluding summary judgment. Even assuming there is merit to Shah's claim, he did not file any counter-affidavits to Mt. Zion's motion, choosing instead to rest on his pleadings. Because Shah did not present any factual support for the assertion that he is "Black," partial summary judgment against him was proper and is affirmed. Fed.R.Civ.P. 56(e); *Securities & Exchange Commission v. Murphy*, 626 F.2d 633, 640 (9th Cir. 1980).

## IV. PRETRIAL DISMISSAL OF SHAH'S REQUEST FOR A JURY, EMOTIONAL DISTRESS DAMAGES, AND PUNITIVE DAMAGES

■ Jury trials are not available in Title VII cases because the remedies available are equitable in nature. 42 U.S.C. § 2000e–

5(g); *Slack v. Havens*, 522 F.2d 1091, 1094 (9th Cir. 1975). *See Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 375 n. 19, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979). Shah's argument to the contrary is without support.

■ The great weight of authority denies support for Shah's request for emotional distress and punitive damages under Title VII. 42 U.S.C. § 2000e–5(g) provides the following remedies for intentionally engaging in unlawful employment practices:

> the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ... or any other equitable relief as the court deems appropriate.

Emotional and punitive damages do not constitute equitable relief or back pay, the categories statutorily authorized. *See, e. g., Miller v. Texas State Board of Barber Examiners*, 615 F.2d 650, 654 (5th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980); *DeGrace v. Rumsfeld*, 614 F.2d 796, 808 (1st Cir. 1980); *Altman v. Stevens Fashion Fabrics*, 441 F.Supp. 1318, 1320 (N.D.Cal.1977). *See Novotny*, 442 U.S. at 374–75, 99 S.Ct. at 2350–51. In an appropriate case, compensatory and punitive damages may be available under 42 U.S.C. § 1981, *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975), but because Shah failed to make out a 1981 claim, we need not address the issue.

The Judgment of the district court is AFFIRMED.

---

4. 42 U.S.C. § 1981 provides that all people in the United States have the same right "to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens ...." The statute is directed at racial discrimination, not other forms of discrimination, and thus has been interpreted differently from Title VII. *Runyan v. McCrary*, 427 U.S. 160, 170, 96 S.Ct. 2586, 2594, 49 L.Ed.2d 415 (1975).