770 F.2d 169
 38 Empl. Prac. Dec. P 35,726
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Taqui Ahmed, Plaintiff-Appellant
v.
Hughes Aircraft Company, Defendant-Appellee.
 Docket No. 84-5838.
 United States Court of Appeals, Ninth Circuit.
 Aug. 8, 1985.
 Before ANDERSON, HUG, and TANG, Circuit Judges.
 
 PER CURIAM
 
 1
 Taqui Ahmed appeals the district court's entry of summary judgment denying his requested relief under 42 U.S.C. Sec. 1981. Ahmed also appeals from a judgment for Hughes Aircraft Company in a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. (Title VII).[1]
 
 
 2
 We have reviewed de novo the district court's decision granting summary judgment. Lojek v. Thomas, 716 F.2d 675, 677 (9th Cir.1983). The material facts are not in dispute; therefore, absent a claim of racial animus, we find that Ahmed cannot maintain his section 1981 action on a claim of national origin discrimination. Anooya v. Hilton Hotels Corporation, 733 F.2d 48, 50 (9th Cir.1984). Accord Shah v. Mt. Zion Hospital and Medical Center 642 F.2d 268, 272 n. 4 (9th Cir.1981) (section 1981 claim prohibits racial discrimination and does not include a claim based on national origin).
 
 
 3
 Ahmed also contends that he has established a prima facie case for relief under Title VII and that HAC's articulated reasons for his dismissal are pretextual. Because this case has been fully tried and "the defendant has done everything that would be required of him if [Ahmed] had properly made out a prima facie case," whether Ahmed did so is not irrelevant. Casillas v. United States Navy, 735 F.2d 338, 343 (9th Cir.1984) (quoting United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 715 (1983)). Thus, the issue before this court is whether the trial court clearly erred in finding that Ahmed failed to prove discrimination by showing HAC's reasons for the discharge to be pretextual. Id. at 343-344.
 
 
 4
 We agree that HAC refuted any inference of discrimination by articulating legitimate reasons for plaintiff's demotion and subsequent discharge. The record reveals no reason to doubt the trial court's conclusion that Ahmed was discharged as a result of his poor work performance, poor attitude, and inability to improve in performance and attitude, and not as a result of retaliation, Kauffman v. Sidereal Corp. 695 F.2d 343 (9th Cir.1982), or national origin discrimination. McDonnell Douglas Corp. v. Green 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
 
 
 5
 The district court did not abuse its discretion in admitting evidence of Ahmed's prior employment history. Keogh v. Commissioner of Internal Revenue, 713 F.2d 496, 499 (9th Cir.1983). The evidence was clearly admissible for impeachment purposes. Wolfolk v. Rivera, 729 F.2d 1114, 1119 (7th Cir.1984).
 
 
 6
 Finally, we decline to grant appellee Hughes Aircraft Company's request for attorney's fees on this appeal.
 
 
 7
 Affirmed.
 
 
 
 [1]
 Appellant's motion for augmentation of the record on appeal, filed July 2, 1985, is hereby Denied