141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lourdes GRIESE, Plaintiff-Appellant,
v.
McMASTER-CARR SUPPLY COMPANY, Defendant-Appellee.
 No. 96-56618.
D.C. No. CV-95-08482-WJR.
 United States Court of Appeals, Ninth Circuit.
 Decided March 13, 1998.
Submitted February 2, 1998.**
 
 Appeal from the United States District Court for the Central District of California William J. Rea, District Judge, Presiding.
 Before WALLACE, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court correctly determined that it lacked subject matter jurisdiction over Ms. Griese's retaliatory firing claim. We affirm.
 
 
 3
 Ms. Griese failed to exhaust her administrative remedies with respect to the claim upon which she relies. This failure defeats the jurisdiction of the courts. See, e.g., Shah v. Mt. Zion Hosp. & Med. Center, 642 F.2d 268, 271-272 (9th Cir.1981) (regarding EEOC claim); Okoli v. Lockheed Technical Operations Co., 36 Cal.App.4th 1607, 1614 n. 3, 43 Cal.Rptr.2d 57 (Cal.Ct.App.1995) (stating that courts "may rely on federal decisions to interpret analogous parts of the state statute") (quoting Sandhy v. Lockheed Missiles & Space Co., 26 Cal.App.4th 846, 851, 31 Cal.Rptr.2d 617 (Cal.Ct.App.1994)). The charges Ms. Griese did file with the California Department of Fair Employment and Housing were not reasonably related to her claim before the court. See Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1476 (9th Cir.1989). They involved neither the same conduct nor the same individual.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3