**David SAIN, Jr., Plaintiff,**

v.

**AMERICAN RED CROSS, et al., Defendants.**

**Case No. C–3–01–423.**

United States District Court,
S.D. Ohio,
Western Division.

Aug. 22, 2002.

Cheryl Renee Washington, Jones & Washington Co., L.P.A., Dayton, OH, for plaintiff.

Karen T. Dunlevey, Bieser, Greer & Landis–3, Dayton, OH, Constantinos G Panagopoulos, Kirsten E Keating, Ballard Spahr Andrews & Ingersoll LLP–3, Washington, DC, for defendants.

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT AMERICAN RED CROSS' [PARTIAL] MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR [PARTIAL] SUMMARY JUDGMENT (DOC. # 3)

RICE, Chief Judge.

The instant litigation arises out of the employment relationship between Plaintiff David Sain, Jr. ("Sain"), and Defendant American Red Cross. Between June 1, 1994, and November 8, 2000, Plaintiff worked for the American Red Cross as a Health and Safety Workplace Salesperson.[1] Upon his employment, he received an employee handbook which barred discrimination and provided, *inter alia*, that employees were permitted to have a Human Resources representative in attendance at disciplinary conferences.

On January 4, 2000, Sain's supervisor, Defendant Allison Jewell ("Jewell"), held a disciplinary meeting with him. When Sain requested a representative from Human Resources, Jewell informed him that the meeting was for fact-finding purposes only, and no representative was provided. Plaintiff was placed on probation at that meeting. When he asked the basis for his probation, Jewell refused to provide him with any information. On January 10, 2000, the American Red Cross issued a written counseling form, containing criticisms of Sain's work performance.

On January 18, 2000, Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission, alleging that he was subjected to disparate treatment because of his race (African–American). Plaintiff alleges that following the filing of this complaint, he was subject to an increasingly hostile work environment. In June of 2000, Plaintiff received an unsatisfactory performance evaluation. In August of 2000, Plaintiff went on sick leave and did not return to work until September, 2000. When he returned to work, Jewell extended his probationary period. Plaintiff's employment was terminated on November 8, 2000. Sain filed a second charge of discrimination on December 20, 2000, and an amended charge on February 28, 2001.

On October 16, 2001, Plaintiff initiated the instant litigation,[2] setting forth eight claims for relief, to wit: (1) a claim for race discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.;* (2) a claim for race discrimination and retaliation, in violation of 42 U.S.C. § 1981; (3) a state law claim for race discrimination and retaliation, in violation of Ohio Rev.Code § 4112.02A; (4) a state law claim for negligent hiring and retention; (5) a claim for age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.;* (6) a state law claim for age discrimination, in violation of Ohio Rev.Code Ch. 4112; (7) a claim for sex discrimination, in violation of Title VII; and (8) a state law claim for sex discrimination, in violation of Ohio Rev.Code Ch. 4112.

Pending before the Court is the Motion of Defendant American Red Cross to Dismiss or, in the alternative, for Summary Judgment (Doc. # 3). For the reasons assigned, Defendant's Motion is SUS-

---

**1.** The following facts are taken from Plaintiff's Complaint (Doc. # 1).

**2.** Initially, this litigation was before the Hon. Susan J. Dlott. The action was transferred to this Court on June 27, 2002 (Doc. # 8).

TAINED in Part and OVERRULED in PART.

## I. Motion of the American Red Cross (Doc. # 3)

In its Motion, the American Red Cross seeks dismissal of Count Four (Negligent Hiring and Retention), Count Five (Age Discrimination under the ADEA), and Count Seven (Sex Discrimination under Title VII), as well as all claims asserted in Plaintiff's first charge of discrimination, dated January 18, 2000. As to the claims based on Plaintiff's first charge of discrimination, Defendant contends that those claims have not been brought in a timely manner. With regard to Counts Five and Seven, Defendant asserts that Plaintiff failed to exhaust his administrative remedies. Defendant further asserts that Count Four must be dismissed for failure to state a claim upon which relief may be granted.

### A. Claims Asserted in January 18, 2000, Charge of Discrimination

The American Red Cross seeks dismissal of the allegations of race and sex discrimination contained in Plaintiff's first charge of discrimination, on the ground that the claims are not timely filed. Specifically, Defendant notes that Plaintiff originally filed a lawsuit within the ninety-day statutory filing period, and that suit was dismissed without prejudice. The American Red Cross argues that the instant litigation is time-barred, because it was filed after the statutory filing period had expired.

■■■■ The administrative filing requirement that a Title VII plaintiff exhaust his administrative remedies, while not jurisdictional, is a necessary prerequisite to filing a discrimination suit in federal court. *See Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir.1992) ("A person who claims to have been discriminated against in violation of Title VII may not seek relief in federal court unless administrative remedies have first been exhausted."). In order to satisfy the prerequisites to an employment discrimination action, a claimant must: (1) file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC); and (2) receive and act upon the EEOC's notice of right to sue. *See Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1486 (6th Cir.1989); *Sabouri v. Ohio Dept. of Job and Family Servs.,* 2002 WL 172709, *2 (6th Cir. Feb.1, 2002). Under Title VII and the ADEA, a complainant has ninety days from the date of the receipt of a notice of the right to sue to initiate a civil action against the respondent. 29 U.S.C. § 626(e); 42 U.S.C.2000e–5(f)(1).

■■ "If a plaintiff in possession of a right-to-sue letter files suit within [the statutory filing] period, but later dismisses the lawsuit without prejudice, courts will regard that plaintiff as never having filed that suit and will not toll the statutory filing period." *Clark v. Nissan Motor Mfg. Corp. U.S.A.,* 1998 WL 786892 at *3 (6th Cir. Oct.28, 1998)(Title VII), citing *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 27 (6th Cir.1987); *Howell v. General Motors Corp.,* 2001 WL 856953 (6th Cir. June 22, 2001). In *Wilson, supra,* the Sixth Circuit affirmed the dismissal of a refiled lawsuit, on the ground that the claims were not filed within the statutory time limitations. Therein, the plaintiff had filed her original complaint, asserting claims under Title VII, within the 90–day statutory period. The action was dismissed nine months later, because the plaintiff had failed to perfect service within 120 days, as required by Fed.R.Civ.P. 4(j). Eighty-five (85) days after the dismissal of her original complaint and over fifteen months after the receipt of her right to sue letter, the plaintiff refiled an identical complaint. The district court dismissed the

second complaint, because it was filed more than 90 days after the receipt of her right-to-sue letter. The Sixth Circuit affirmed, holding that the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII. Because the plaintiff did not refile within the original 90-day period, the district court correctly dismissed her second complaint. The court further held that the time period would not be equitably tolled, because plaintiff's failure to comply with the filing requirement was the fault of neither the defendant nor the district court.

■ Herein, the EEOC issued a Notice of Right to Sue Letter to Plaintiff on September 28, 2000 (Doc. # 3, Ex. C). Plaintiff initially filed suit against Defendants in this Court on December 28, 2000, Case No. C–3–00–617 (*Id.*, Ex. D). That lawsuit was dismissed, without prejudice, on June 11, 2001, for want of prosecution (*id.*, Ex. E). The instant litigation was filed on October 16, 2001, well beyond the expiration of the statutory filing period. Accordingly, Plaintiff's present lawsuit, to the extent that it is based on the allegations addressed by the September 28, 2000, Notice of the Right to Sue, is untimely, because the claims are filed more than 90 after the receipt of that notice. Moreover, Plaintiff may not avail himself of equitable tolling principles, as his failure to comply with the statutory filing limitations was due to his own failure to prosecute his original action.

■ Plaintiff asserts that his claim is not time-barred, because Defendant's actions constitute a continuing violation. The "continuing violation" doctrine provides that when "there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period." *Haithcock,* 958 F.2d at 677. In other words, when a continuing violation is shown, "a plaintiff is

entitled to have a court consider all relevant actions allegedly taken pursuant to the employer's discriminatory policy or practice, including those that would otherwise be time barred." *Alexander v. Local 496, Laborers' Int'l Union of N. Am.,* 177 F.3d 394, 408 (6th Cir.1999).

■ Although the continuing violation doctrine may, in very limited circumstances, allow a plaintiff to bring untimely claims, the Court notes that the doctrine has been applied where the plaintiff has failed to file a charge of discrimination with the appropriate agency within the specified number of days after an "unlawful employment practice." It generally has *not* been applied to the time limitations for filing suit after receipt of a Notice of the Right to Sue, which Plaintiff is attempting to do herein. Rather, failure to file suit within ninety days of receipt of the right-to-sue letter has been the subject of equitable tolling, waiver, and estoppel.

Even if the continuing violation doctrine did apply to the present circumstances, the Supreme Court has recently clarified and restricted the application of the continuing violation doctrine with regard to Title VII claims. In *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), Justice Thomas, writing for the Court, reviewed Title VII's statutory language, which requires complainants to file charges of discrimination within the specified number of days after an "unlawful employment practice." He noted that "practice" has repeatedly been interpreted to apply to a discrete act or single occurrence, even when it has a connection to other acts. *Id.* at 2071. He further noted that prior cases have held that discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period. From these sources, the Court derived several principles:

First, discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

*Id.* The Supreme Court expressly rejected applying the continuing violations doctrine to "serial violations."[3] Although the Supreme Court did not address the time limitations for filing suit, the same principles are applicable, and this Court sees no reason why the continuing violation doctrine should excuse failure to file suit in a timely manner where discrete acts of discrimination are concerned.

▪ In the present case, Plaintiff's original administrative complaint alleged that on January 4, 2000, he was placed on immediate probation, and that on January 10, 2000, he was issued a written counseling form. Plaintiff further alleged that the American Red Cross did not inform him of the reasons for placing him on probation. He stated that he believed he had been subject to discrimination on the basis of his race and sex. Upon review of these

allegations, it is clear that Plaintiff has complained of discrete acts of discrimination. Accordingly, he may not avail himself of the continuing violation doctrine to render those claims timely.

Accordingly, Plaintiff's claims which are based on his original administrative complaint are DISMISSED, as untimely filed. Defendant's Motion to Dismiss those claims is SUSTAINED.

B. *Sex Discrimination Claim under Title VII (Count Seven)*

▪ The American Red Cross asserts that all of Plaintiff's sex discrimination claims under federal law must be dismissed for failure to exhaust administrative remedies.[4] "An EEOC charge notifies potential defendants of the nature of a plaintiff's claims and provides the opportunity for the parties to settle claims before the EEOC instead of litigate them." *NAACP v. City of Parma, Ohio,* 263 F.3d 513, 534 (6th Cir.2001); *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 545 (6th Cir.1991)(citing *Love v. Pullman,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)); *Coleman v. Toys R Us, Inc.,* 976 F.Supp. 713, 720 (N.D.Ohio 1997); *Parsons v. Yellow Freight Sys., Inc.,* 741 F.2d 871, 873 (6th Cir.1984). If a claimant does not first present a claim to the EEOC, that claim may not be brought before federal courts. *Ang,* 932 F.2d at 545. The judicial complaint must be limited "to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *EEOC v. Bailey Co., Inc.,* 563 F.2d 439 (6th Cir.1977), *cert. denied,* 435 U.S.

---

**3.** The Supreme Court distinguished claims of discrete actions of discrimination from hostile environment claims. It held that the continuing violation doctrine is applicable to hostile environment claims, because "[t]heir very nature involves repeated conduct" and "[s]uch claims are based on the cumulative affect [sic] of individual acts." 122 S.Ct. at 2073.

**4.** Defendant also asserts that the sex discrimination claims in his first administrative complaint are untimely. As discussed, *supra,* that argument has merit, and those claims are, accordingly, dismissed.

915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978); *Haithcock,* 958 F.2d at 675–77.

■ In determining whether a lay complainant has properly raised his charge at the administrative level so as to permit subsequent federal court jurisdiction, "courts are guided by the principle that charges of discrimination ... should not 'result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading.'" *Haithcock,* 958 F.2d at 675, quoting *EEOC v. McCall Printing Corp.,* 633 F.2d 1232, 1235 (6th Cir.1980). Thus, the EEOC charge must be liberally construed in determining whether the charge was merely inartfully drafted or whether there was information given in the charge that reasonably should have prompted an EEOC investigation of a separate type of discrimination. *Leigh v. Bureau of State Lottery,* No. 88–1802, 1989 WL 62509, at *3 (6th Cir. June 13, 1989); *see Bailey,* 563 F.2d at 446.

■ The question of whether a claim of discrimination may be expected to grow out of a charge of a separate type of discrimination becomes more difficult where the complainant is a member of multiple minority groups. *See Ang,* 932 F.2d at 545–46. However, the scope of an EEOC charge does not automatically expand just because the complainant could raise allegations for more than one type of discrimination. *Id.,* citing *Castro v. United States,* 775 F.2d 399, 403, n. 2 (1st Cir.1985). For example, in *Shah v. Mt. Zion Hosp. & Medical Ctr.,* the Ninth Circuit stated that an East Indian male who alleged national origin discrimination in his EEOC claim could not include charges of race, color, and religious discrimination in his Title VII litigation when he failed to assert them in his original EEOC charge, even though the claims stemmed from the same conduct by the employer. 642 F.2d 268, 271–72 (9th Cir. 1981). The Sixth Circuit similarly recognized, for example, that a charge of national origin discrimination does not necessarily include charges of race discrimination. *Ang,* 932 F.2d at 546.

However, the Sixth Circuit has recognized that "[w]hen the EEOC investigation of one charge *in fact* reveals evidence of a different type of discrimination against the plaintiff, a lawsuit based on the newly understood claim will not be barred." *Davis v. Sodexho, Cumberland College Cafeteria,* 157 F.3d 460, 463 (6th Cir.1998) (emphasis in original). The Sixth Circuit has noted that in *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.1970), which was cited with approval in *Bailey, supra,* the court allowed the plaintiff to go forward on charges of discrimination on the basis of national origin under Title VII when the charge had alleged sex discrimination. 157 F.3d at 463. Therein, the EEOC investigation triggered by the plaintiff's charge revealed the true basis of discrimination, and the *Sanchez* court declined to penalize the lay plaintiff for failing to attach the proper legal conclusion to her claim.

■ In the present case, Plaintiff's second administrative charge of discrimination alleges that he previously filed a charge of discrimination on January 18, 2000, and was, at that time, forty years old. Plaintiff further alleged therein that he believed that he was unlawfully discriminated against, due to his age, and retaliated against after filing his prior EEO charge in that he was placed on probation and terminated. The charge states that the wrongful conduct occurred on November 8, 2000, the date he was fired from his employment. Plaintiff's second administrative complaint makes no mention of sex discrimination, nor is the box for claimed discrimination on the basis of "sex"

marked. There are no allegations which might suggest that sex was the true motivation for Defendant's alleged conduct. Plaintiff's second charge of discrimination, as amended, merely replaces age with race, and likewise does not mention sex discrimination. The Court, therefore, concludes that an investigation of sex discrimination would not reasonably grow out of the allegations in Plaintiff's second administrative complaint, both in its original form and as amended. In addition, there is no evidence that Plaintiff's charges of age and, subsequently, race discrimination in his second charge actually triggered an investigation of sex discrimination. Accordingly, Plaintiff's claims, based on sex discrimination on the basis of Title VII (Count Seven), must be DISMISSED, for failure to exhaust administrative remedies.

## C. Age Discrimination Claims under the ADEA (Count Five)

The American Red Cross asserts that Plaintiff's age discrimination claim under the ADEA must be dismissed, for failure to exhaust administrative remedies, because he withdrew that claim by amending his second charge on February 28, 2001. Plaintiff responds that he did not intend to abandon his age discrimination claim. Rather, he asserts that the "violations complained of by Plaintiff are continuing violations. Each respective EEOC complaint has merely augmented his former charges." (Doc. # 6 at 7). He further argues that the EEOC's investigation of his latter charge (presumably the amended second charge) would have expanded to encompass an inquiry into whether the American Red Cross had discriminated against him on the basis of his age.

Numerous courts have held that a claimant who abandons or withdraws his or her claim before the EEOC has reached a determination cannot be deemed to have exhausted his administrative remedies.

*Sharon v. Yellow Freight Sys., Inc.*, 872 F.Supp. 839 (D.Kan.1994), *aff'd*, 107 F.3d 21, 1997 WL 39483 (1997); *Rivera v. U.S. Postal Service*, 830 F.2d 1037, 1039 (9th Cir.1987)("To withdraw is to abandon one's claim, to fail to exhaust one's administrative remedies."), *cert. denied*, 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir.1990); *McGee v. United Parcel Serv., Inc.*, 2002 WL 449061 (N.D.Ill. Mar.22, 2002). Defendant asserts that this case is factually similar to *Sharon*. Therein, the plaintiff filed an affidavit with the EEOC, complaining of religious and national origin discrimination. Based on the advice of an EEOC counselor, the plaintiff withdrew his religious discrimination claim. Because the plaintiff had voluntarily withdrawn that claim, the court concluded that he failed to exhaust his administrative remedies, and could not bring a religious discrimination claim in his lawsuit. The Court respectfully disagrees that *Sharon* is factually analogous. Here, Plaintiff did not bring claims for both race and age discrimination in his second charge and then later withdraw the age discrimination claim. Rather, the issue is the impact of the filing of *serial* charges, in which the latter charge purports to amend the former.

Plaintiff's situation is much closer to that in *Connelly v. West*, 2001 WL 102350 (S.D.N.Y. Feb.7, 2001), in which the plaintiff originally filed an administrative complaint alleging sex discrimination and sexual harassment, and later "amended" it, asserting reprisal. Upon review of deposition testimony and evidence regarding conversations between the plaintiff and EEO counselors, the court concluded that the plaintiff had withdrawn or abandoned her sex discrimination and sexual harassment claims and, thus, they had not been exhausted.

Herein, there is no indication whether Plaintiff's amended second charge was intended to supplement, rather than replace, his December 28, 2000, administrative complaint. In his amended charge, Plaintiff substitutes allegations regarding his racial background and his contention that the discrimination was on the basis of his race, in place of his previous allegations that he was forty years old and suffered discrimination on the basis of his age. The amended charge did not include allegations relating to both race and age discrimination. However, at this time, the parties have not presented the Court with any evidence, other than the administrative complaints themselves, from which the Court could infer Plaintiff's intent and the EEOC's interpretation of the amended charge. Specifically, the Court has no affidavits from either party indicating the factual circumstances surrounding the filing of the amended charge, such as what Plaintiff communicated to the EEOC regarding that charge, how the EEOC responded to Plaintiff, whether the EEOC perceived this amendment as a substitution or an additional allegation, and whether the EEOC, in fact, investigated both age discrimination and race discrimination claims. Thus, although Plaintiff herein "amended" his charge, this Court lacks evidence (unlike the court in *Connelly*) to suggest whether his age discrimination claim has, in fact, been abandoned. Accordingly, the Court concludes that there remains a genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies regarding his age discrimination claim. While instructive, *Connelly* is not dispositive.

Plaintiff's argument that his age discrimination claim would grow out of an investigation of his race discrimination claim in the amended second charge does not resolve the issue. In support of that argument, Plaintiff relies upon *Gausmann v. City of Ashland*, 926 F.Supp. 635 (N.D.Ohio 1996). Therein, the district court held that the plaintiff could bring a sex discrimination claim, even though her administrative complaint asserted that she had been the subject of age discrimination and "the only reference to gender in the charge or affidavit is contained in the affidavit's blank line that Gausmann was required to fill in with the word 'female,' to describe her gender." *Id.* at 638.

The Sixth Circuit has greatly limited *Gausmann's* persuasiveness. In *Davis, supra,* the court of appeals declined to follow *Gausmann* to the extent that

> it would permit the appellant to sue on an uncharged claim of age discrimination simply by having indicated her date of birth and length of employment in her EEOC charge, when she related no facts in her affidavit describing the "race" and "other" charges that would prompt the EEOC to investigate age discrimination, and when a claim of age discrimination did not in fact grow out of the investigation.

157 F.3d at 464. Based thereon, this Court respectfully disagrees with Plaintiff that an investigation of his race discrimination claim would have reasonably led to an investigation of an age discrimination claim. There is no evidence that the EEOC, in fact, investigated an age discrimination claim. Cf. *Sanchez, supra.* Moreover, the amended charge contains no suggestion of age as a possible motivation for discrimination. The box for age as a claimed basis for discrimination is left unmarked, and there are no age-related factual allegations therein. Accordingly, the Court concludes that an investigation of Plaintiff's age discrimination claim would not grow out of an investigation of his race discrimination allegations. Thus, whether Plaintiff's age discrimination has been exhausted depends on whether Plaintiff's second amended charge supplemented,

rather than replaced, his original second charge. Because there are genuine issues of material fact as to whether Plaintiff exhausted his administrative remedies as to his age discrimination claim, Defendant's Motion to [Partially] Dismiss or, in the alternative, for [Partial] Summary Judgment on that claim is OVERRULED.

### D. *Plaintiff's Claim for Negligent Hiring and Retention (Count Four)*

 The American Red Cross asserts that Plaintiff's claim for negligent hiring and retention must be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), because Plaintiff has not alleged facts which, if true, support such a claim. The elements of a claim for relief for negligent hiring or retention are: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries. *Harmon v. GZK, Inc.,* 2002 WL 191598, *16 (Ohio App. 2 Dist. Feb. 8, 2002); *Peterson v. Buckeye Steel Casings,* 133 Ohio App.3d 715, 729 N.E.2d 813, 823 (1999); *Plotner v. Swanton Local Bd. of Educ.,* 85 F.Supp.2d 747, 755 (N.D.Ohio 2000). Defendant asserts that Plaintiff's Complaint does not allege facts that establish any incompetence by Jewell, that it was aware of her incompetence, or that it failed to supervise her reasonably. The American Red Cross further asserts that Plaintiff has failed to allege any injury as a result of her alleged incompetence.

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers,* 87 F.3d 176, 179 (6th Cir.)(citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993)), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 510, 136 L.Ed.2d 400 (1996); *see also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Barrett v. Harrington,* 130 F.3d 246 (6th Cir.1997), *cert. denied,* 523 U.S. 1075, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998)("In considering a motion to dismiss for failure to state a claim, the Court is required to take as true all factual allegations in the complaint."); *Lamb v. Phillip Morris, Inc.,* 915 F.2d 1024, 1025 (6th Cir.1990), *cert. denied,* 498 U.S. 1086, 111 S.Ct. 961, 112 L.Ed.2d 1048 (1991). However, the Court need not accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. The Court is to dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

At the outset, the Court notes that Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. 99; *Swierkiewicz v. Sorema,* 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz,* 122 S.Ct. at 998.

In the present case, Plaintiff has provided sufficient allegations to provide Defendant notice of his claim. Plaintiff has alleged that Jewell discriminated against him on the basis of race by denying him a Human Resources representative during their January 4, 2000, meeting, and by requiring him to prepare daily reports. Plaintiff has also alleged that subsequent to his return from sick leave, Jewell wrongfully extended his probation, that she began contacting Plaintiff's clients to verify his work-related reports, and that she issued an unsatisfactory performance appraisal—all due to discrimination. He further alleges that the American Red Cross was aware of Jewell's discriminatory behavior and of Plaintiff's original administrative complaint, but that it ratified her conduct, failed to take any action against her, and permitted her to remain in her supervisory position. Plaintiff has alleged that Jewell's conduct led to his termination. Based on these allegations, Plaintiff has provided sufficient allegations to satisfy the requirements of Rule 8. Defendant's Motion to Dismiss Plaintiff's state law claim of negligent hiring or retention (Count Four), pursuant to Rule 12(b)(6), is OVERRULED.

For the foregoing reasons, Defendant's Motion to [Partially] Dismiss or, in the alternative, for [Partial] Summary Judgment (Doc. # 3) is SUSTAINED in PART and OVERRULED in PART. Plaintiff's claims which are based on his initial administrative complaint, dated January 18, 2000 (portions of Count One and Count Seven), are dismissed as untimely filed. Plaintiff's sex discrimination claims under Title VII (Count Seven) are dismissed in their entirety, due to Plaintiff's failure to exhaust administrative remedies and to file his original claims in a timely fashion. Defendant's motion to dismiss Plaintiff's state law claim for negligent hiring and retention claim (Count Four) is OVERRULED. Its Motion regarding Plaintiff's age discrimination claim under the ADEA is OVERRULED, because there are genuine issues of material fact as to whether Plaintiff exhausted his administrative remedies on that claim.