Christine ENCINAS, a single woman,
Plaintiff—Appellant,

v.

TUCSON ELECTRIC POWER
COMPANY, Defendant—
Appellee.

No. 02–15975.
D.C. No. CV–99–00123–JMR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 1, 2003.

Decided June 27, 2003.

Before B. FLETCHER, KOZINSKI, and TROTT, Circuit Judges.

## MEMORANDUM *

Christine Encinas ("Encinas"), a Mexican–American, appeals the district court's grant of summary judgment to Tucson Electric Power ("Tucson") in her employment discrimination case. Encinas argues that the district court erred in concluding that (1) she had not exhausted her administrative remedies as to her race discrimination and national origin and racial harassment claims, and (2) she had failed to raise a genuine issue of material fact sufficient to preclude summary judgment on her national origin discrimination claim. Encinas appeals also from the district court's refusal to grant her an adverse inference. We have jurisdiction under 42 U.S.C. § 2000e–5(j) and 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We must view the evidence in the light most favorable to the nonmoving party to determine whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. *Id.* We also review de novo a district court's determination that it lacks jurisdiction to hear a discrimination claim. *Freeman v. Oakland Unified School Dist.*, 291 F.3d 632, 636 (9th Cir.2002).

### A. Exhaustion

Tucson argues that Encinas failed to exhaust her race discrimination and harassment claims because her Equal Employment Opportunity Commission ("EEOC") form specifies only "national origin" discrimination as the basis for her charge. Encinas maintains that her race discrimination and harassment claims are exhausted because they are reasonably related to her national origin discrimination claim. "Subject matter jurisdiction extends to all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge." *Vasquez v. County of Los Angeles*, 307 F.3d 884, 894 (9th Cir. 2002).

In assessing the relatedness of claims we construe the EEOC charge "with the utmost liberality," *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir.1997) (internal quotation marks and citation omitted), and consider "such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Vasquez*, 307 F.3d at 894–95 (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002)).

### 1. Race Discrimination

In her EEOC charge filed with the Arizona Attorney General Civil Rights Division ("ACRD"), Encinas alleged her national origin, Mexican, as the basis for the discrimination, without providing details. She did not mention race either by checking the "race" box or including any reference to race in her statement. In a similar case, we rejected an appellant's argument

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that his racial discrimination claim was sufficiently related to his theory of national origin discrimination. *See Shah v. Mt. Zion Hospital & Med. Ctr.,* 642 F.2d 268, 271–72 (9th Cir.1981). Here, Encinas failed to provide details in her EEOC charge indicating that an investigation of race would be expected to grow out of her national origin charge. Accordingly, Encinas's race discrimination claim is unexhausted, and we affirm the district court's holding that it lacked subject matter jurisdiction.

2. Racial Harassment/Hostile Work Environment

■ Encinas argues that her racial harassment claim was exhausted because it fell "within the scope of the [ACRD's] actual investigation" of her national origin discrimination claim. *Vasquez,* 307 F.3d at 894. She notes that the ACRD investigator questioned employees and supervisors about more than just the circumstances of Encinas's termination, asking questions also about the work environment. For example, the investigator asked Jean Johnson if she had "heard directly or indirectly that employees in the customer service department believe they work in an anti-Hispanic environment." The investigator asked employees also about how Hispanics were treated.

The district court appropriately concluded that a claim for racial harassment is "not synonymous with a claim for discriminatory discharge." We agree. To begin with, we turn to the documents Encinas executed that commenced the EEOC process, entitled Charge of Discrimination. The "personal harm" identified by Encinas says nothing about a hostile work environment or harassment. Under this category she wrote, "I was terminated." Moreover, the form contains a box to be filled out asking for the "earliest" and the "latest"

"date discrimination took place." Here, Encinas entered only one date, January 11, 1994, the date she was terminated. This specification is irreconcilable with the assertion that she was receiving any harassment in a hostile workplace, and it failed to give notice to the agency that more than termination was involved. Finally, under the section asking the complainant to outline her "discriminatory statement," she mentions "termination" three times but says nothing about harassment or hostility in the workplace. The concluding statement says, "I believe and therefore allege, that but for my national origin, I would not have been terminated."

Unlike a discriminatory discharge claim, a claim of racial harassment in the workplace focuses not only on the pervasiveness of the racially discriminatory conduct, but also on the employer's possible knowledge of that conduct and failure to take remedial action. *See Sischo–Nownejad v. Merced Cmty Coll. Dist.,* 934 F.2d 1104, 1109 n. 6 (9th Cir.1991) (stating that "disparate treatment, unlike hostile working environment, need not involve physical and/or verbal harassment"). The proof required to demonstrate the differing claims varies, so investigation of a discriminatory termination claim will rarely focus on all the elements necessary to state a hostile work environment claim. Here, the investigation did not delve into matters of racial or national origin harassment.

The fact the investigator asked incidental questions about work environment is not enough to conclude that the investigation involved matters of racial harassment. These questions simply addressed part of Encinas's discrimination claim, that her employee file contained more disciplinary information than similarly situated non-Mexicans because supervisors discriminated in disciplining Mexican employees.

Encinas compares her situation to cases where we have found claims exhausted even when not listed in the EEOC charge. For example, Encinas is correct that in *Sosa* we found that claims of harassment and retaliation were included in an EEOC charge of national origin discrimination. This decision, however, turned on the factual detail of Sosa's claim. *Sosa v. Hiraoka*, 920 F.2d 1451 (9th Cir.1990). There, the plaintiff's EEOC charge specifically alleged "intimidation, harassment and disparate treatment with respect to terms and conditions of employment" and claimed that the defendants had "engaged in a pattern and practice of retaliating against [him]." *Id.* at 1457. Here, Encinas did not include any facts in her charge to signal a claim for harassment as well as discriminatory discharge.

In addition, Encinas listed in her EEOC charge only the date of her termination as the time when the discrimination occurred. The form contained a place to specify the earliest and latest date of discrimination. "[D]ates of discriminatory acts specified within the charge" are one factor we consider to determine the relatedness of claims. *Vasquez*, 307 F.3d at 894. (citation omitted). Encinas's hostile work environment claim involves activities that occurred more often than one day. Because an investigation of hostile work environment could not reasonably be expected to grow out of Encinas's charge, we conclude that her racial harassment claim is not exhausted. We affirm the district court's holding that it lacked subject matter jurisdiction.

B. Summary Judgment

■ The district court granted Tucson summary judgment on Encinas's national origin discrimination claim. Tucson agreed that Encinas established a prima facie case of discrimination by showing that (1) she belongs to a protected class (Mexican); (2) she was qualified for her position; (3) she was subjected to an adverse employment action (termination); and (4) similarly situated non-Mexicans were treated more favorably. *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir.2002). Tucson offered a legitimate, non-discriminatory reason for Encinas's termination–her work on an account for a former employee and her disciplinary history.

The issue in this appeal is whether Encinas presented sufficient evidence of pretext. We conclude that she did not. The situations she offered for comparison with her situation were either remote in time, involved different individuals or misconduct, or were based on hearsay. Encinas's proffered evidence is not *"specific* and *substantial"* enough to give rise to an inference of discriminatory motive. *Aragon*, 292 F.3d at 661. Because Encinas failed to raise a genuine issue of material fact relating to Tucson's motive, we affirm the district court's grant of summary judgment.

C. Adverse Inference

■ Encinas requested that the district court apply adverse inference to three items. An adverse inference is appropriate when a party destroys or fails to produce relevant evidence within its control. *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir.1991). We affirm the district court's denial of Encinas's request because some of the information she sought was available through alternate means and because even an adverse inference would not rescue her claim.

AFFIRMED.

BETTY B. FLETCHER, Circuit Judge, dissenting.

I respectfully dissent. Drawing all inferences in favor of Encinas, the non-mov-

ing party, a genuine issue of material fact exists as to whether, as a Mexican, she was disciplined more harshly and discharged for conduct that would not have resulted in such discipline or discharge of non-Mexican employees.