**Maria Alicia HUNGATE,**
**Plaintiff—Appellant,**

v.

**Donald WINTER, Secretary,**
**Department of the Navy,**
**Defendant—Appellee.**

No. 07–55965.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 1, 2008.

Scott L. Zielinski, Grady and Associates, Kenneth W. Baisch, Esquire, San Diego, CA, for Plaintiff–Appellant.

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

Megan E. Callan, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Defendant–Appellee.

Before: GRABER and CLIFTON, Circuit Judges, and REED,* District Judge.

## MEMORANDUM **

Maria Alicia Hungate appeals from the district court's order granting Donald Winter's motion to dismiss her Title VII claim and motion for summary judgment on her Vocational Rehabilitation Act claim. We affirm.

 The district court correctly dismissed Hungate's Title VII claim for race, national origin, and/or ancestry discrimination due to her failure to exhaust her administrative remedies. *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1099–1100 (9th Cir.2002). Hungate's race, national origin, and/or ancestry discrimination theory was not presented in the materials submitted to Equal Employment Opportunity Commission (EEOC) officials. In fact, Hungate's race, national origin, or ancestry was never even disclosed. Hungate exclusively marked the "handicap" or "disability" box to designate the basis of each of her complaints, and her discrimination description does not indicate that she was ordered to stop speaking Spanish in the workplace for discriminatory or racially motivated reasons. In adjudicating Hungate's appeal from the agency's dismissal, the EEOC observed Hungate did not

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"challenge the framing of the complaint," as alleging "discrimination on the basis of disability." *See Shah v. Mt. Zion Hosp. & Med. Ctr.,* 642 F.2d 268, 271–72 (9th Cir. 1981) (concluding employer actions used in the complaint to support one type of discrimination did not exhaust discrimination claims under different legal theories that were never investigated by the EEOC).

■ Hungate substantially complied with administrative presentment requirements for her Vocational Rehabilitation Act claim by filing administrative complaints with the EEOC, so the district court had jurisdiction over the claim. *See Sommatino v. United States,* 255 F.3d 704, 708 (9th Cir.2001). Jurisdiction notwithstanding, Hungate was subject to the EEOC regulation requiring her to initiate contact with an Equal Employment Opportunity (EEO) counselor within 45 days of the alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1); *Cherosky v. Henderson,* 330 F.3d 1243, 1245 (9th Cir. 2003). The district court correctly treated May 31, 2004, as the last alleged instance of discrimination.[1] Hungate did not seek EEO counseling within 45 days of that date. Hungate argued on appeal that the time period should be equitably tolled, but she waived this issue by failing to argue or present sufficient evidence to either the agency or the district court to support that contention. *See, e.g., United States v. Napier,* 463 F.3d 1040, 1045–46 (9th Cir.2006). Thus, the district court properly determined her Vocational Rehabilitation Act

claim was time-barred. *See Cherosky,* 330 F.3d at 1248.

**AFFIRMED.**

---

1. In all communications with EEOC officials, Hungate either did not mention or disclaimed that her termination on August 8, 2004, constituted discrimination. Even if her termination date is used, Hungate's EEO counselor contact was still untimely with respect to alleged discrimination occurring through May 2004. Hungate's termination was a discrete act, which cannot preserve her untimely discrimination claims. *See Porter v. Cal. Dep't of Corr.,* 419 F.3d 885, 892–93 (9th Cir.2005) ("If the flames of an allegedly hostile environment are to rise to the level of an actionable claim, they must do so based on the fuel of timely non-discrete acts.").